STATE OF CONNECTICUT *v.* EMILIANO PEREZ
(AC 18824)

O'Connell, C. J., and Landau and Hennessy, Js.[1]

Argued December 2, 1999—officially released April 18, 2000

---

[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

*Richard S. Cramer*, for the appellant (defendant).

*Michael L. Regan*, senior assistant state's attorney, with whom, on the brief, were *Kevin T. Kane*, state's attorney, and *Hilary S. Kreitner*, certified legal intern, for the appellee (state).

*Opinion*

HENNESSY, J. The defendant, Emiliano Perez, appeals from the judgments of conviction, rendered after his guilty plea, of possession with intent to sell a narcotic substance in violation of General Statutes § 21a-277 (a) and violation of probation in violation of General Statutes § 53a-32. On appeal, the defendant claims that the trial court improperly denied his motion to withdraw his plea, which he claims was not voluntarily or knowingly given, because (1) he was denied his right to counsel of his choice, (2) the court interpreter was not properly sworn in at his plea hearing and (3) the court improperly advised him of the mandatory minimum sentence for a violation of § 21a-277 (a). We affirm the judgments of the trial court.

The following facts and procedural history are relevant for our resolution of this appeal. The defendant was charged with possession of a narcotic substance with intent to sell in violation of § 21a-277 (a). On April 27, 1998, the defendant entered into a plea agreement under which he would serve a sentence of fifteen years, execution suspended after eight years, and three years probation on the drug charge. He would also serve a concurrent seven year sentence on a violation of proba-

tion charge. The court accepted the defendant's guilty plea as to only the narcotics charge under the *Alford* doctrine,[2] but did not impose sentence at that time.

Subsequently, through new counsel, the defendant sought to withdraw his guilty plea, claiming, inter alia, that the "defendant's relationship with [his previous] counsel prevented effective communication so as to allow him to receive appropriate legal advice." Despite the defendant's claim of ineffective assistance of counsel, the court denied the motion to withdraw the guilty plea and sentenced the defendant to a total effective sentence of fifteen years incarceration, execution suspended after eight years on both the narcotics charge and the violation of probation charge. This appeal followed. Other facts will be discussed where relevant to the issues in this case.

I

The defendant claims first that his guilty plea was not knowingly given because he was denied the right to counsel of his choice as guaranteed by the sixth and fourteenth amendments to the United States constitution[3] and article first, § 8, of the Connecticut constitution. The defendant claims that he was not represented by his counsel of choice, attorney F. Mac Buckley, but rather one of Buckley's associates, attorney Robert Pickering.

"[O]nce entered, a guilty plea cannot be withdrawn except by leave of the court, within its sound discretion,

---

[2] *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

[3] The defendant has not briefed nor cited any case law to support his claims of violation of his right to counsel of his choice as guaranteed by the federal constitution. We therefore decline to review this claim. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than mere abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly." (Citation omitted; internal quotation marks omitted.) *Raymond* v. *Rock Acquisition Ltd. Partnership*, 50 Conn. App. 411, 420, 717 A.2d 824 (1998).

and a denial thereof is reversible only if it appears there has been abuse of discretion." (Internal quotation marks omitted.) *State* v. *Spence*, 29 Conn. App. 359, 363, 614 A.2d 864 (1992). Practice Book § 39-27 delineates the grounds for allowing a defendant to withdraw his or her guilty plea after it has been accepted by the court. The defendant claims in this case that he was denied effective assistance of counsel in violation of article first, § 8, of the Connecticut constitution and, therefore, should have his guilty plea withdrawn pursuant to Practice Book § 39-27 (4).[4] To withdraw his guilty plea, the defendant must prove that counsel's assistance was ineffective and that it was this ineffectiveness that rendered the guilty plea involuntary. *Myers* v. *Manson*, 192 Conn. 383, 393, 472 A.2d 759 (1984).

In support of his claim, the defendant argues that he was unable to contact Buckley during the months prior to entering his plea of guilty and, as a result, was not able to get any legal advice from him. The defendant, however, does admit that he had met on a number of occasions with Pickering. There was no claim by the defendant that he did not receive competent legal advice from Pickering. He claims only that he did not receive advice from the member of the law firm whom he preferred. While a criminal defendant has a "degree of freedom" in choosing counsel, he does not have an "unlimited opportunity" to do so. *State* v. *Gonzalez*, 205 Conn. 673, 683, 535 A.2d 345 (1987). As stated previously, to undo his guilty plea the defendant must prove that his counsel's assistance was ineffective and that it was this ineffectiveness that rendered the guilty plea involuntary. *Myers* v. *Manson*, supra, 192 Conn. 393.

---

[4] Practice Book § 39-27 provides in relevant part: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows . . .

"(4) The plea resulted from the denial of effective assistance of counsel . . . ."

There was no evidence presented that the defendant received ineffective assistance of counsel. In fact, in denying the defendant's request to withdraw his plea, the court commented favorably on Pickering's representation of the defendant. Accordingly, we conclude that the court did not abuse its discretion in denying the motion to withdraw the guilty plea on the basis of the defendant's claim that he was denied his right to effective assistance of counsel.

## II

The defendant claims next that his plea of guilty was not entered voluntarily because the court interpreter was not administered the interpreter's oath as required by General Statutes § 1-25 immediately prior to the defendant entering his plea.

The defendant failed to object to this matter during the trial and now seeks to argue it on appeal. "Ordinarily, we will not review a claim that was not distinctly raised before the trial court." *State* v. *Rogers*, 38 Conn. App. 777, 787, 664 A.2d 291, cert. denied, 235 Conn. 918, 665 A.2d 610 (1995), cert. denied, 516 U.S. 1084, 116 S. Ct. 799, 133 L. Ed. 2d 747 (1996). In addition, the defendant has failed to raise a claim of entitlement to the extraordinary review provided under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989).[5] "In the absence of such a request, we have, in the past, declined to review a defendant's claim under similar circumstances." *State* v. *Rogers*, supra, 787. We therefore decline to review the defendant's claim.

---

[5] The *Golding* court held "that a defendant can prevail on a claim of constitutional error not preserved at trial only if all of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." *State* v. *Golding*, supra, 213 Conn. 239–40.

### III

The defendant claims finally that the court inadequately advised him as to the minimum sentence for the charges to which he pleaded guilty. The defendant argues that his plea agreement therefore was not knowingly and voluntarily entered into and, thus, should be withdrawn. We decline to review this claim.

The defendant raises this claim for the first time on appeal and did not request review of it under either the *Golding* or plain error doctrines.[6] "As this court has previously noted, it is not appropriate to engage in a level of review that is not requested." *State* v. *Hermann,* 38 Conn. App. 56, 65, 658 A.2d 148, cert. denied, 235 Conn. 903, 665 A.2d 904 (1995). Accordingly, we decline to review this claim.

The judgments are affirmed.

In this opinion the other judges concurred.

---

[6] See part II of this opinion.