### STATE OF CONNECTICUT *v.* LARRY SCALES
### (AC 23837)

Dranginis, Flynn and McDonald, Js.

Argued January 22—officially released March 23, 2004

*Robert J. McKay*, special public defender, for the appellant (defendant).

*Toni M. Smith-Rosario*, assistant state's attorney, with whom, on the brief, were *James E. Thomas*, state's attorney, *Richard Morelli*, supervisory assistant state's attorney, *Roseanne Wagner*, senior assistant state's attorney, and *Carl Ajello III*, assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, J. The defendant, Larry Scales, appeals from the judgment of the trial court, rendered following the denial of his motion to withdraw his plea of guilty under the *Alford* doctrine,[1] convicting him of the crime of possession of narcotics in violation of General Statutes § 21a-279 (a). On the basis of the record before us, we conclude that the court did not abuse its discretion in denying the motion. Accordingly, we affirm the judgment of the court.

[1] See *North Carolina* v. *Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970) (accused may consent voluntarily, knowingly, understandingly to imposition of prison sentence while refusing to admit participation in crime).

On August 2, 2002, the defendant pleaded guilty on separate informations to (1) possession of narcotics, (2) burglary in the third degree and (3) violation of probation, pursuant to a plea agreement. He appeals only from the judgment of conviction of possession of narcotics, to which he pleaded guilty under the *Alford* doctrine. On appeal, the defendant seeks reversal of this conviction and a remand to the trial court for further proceedings.

The defendant was scheduled to be sentenced on August 23, 2002. On that day, he first sought to withdraw his guilty plea to the narcotics charge. The defendant, speaking for himself, stated that he would like to withdraw his plea because one of the police officers involved in his arrest had alleged falsely in the police report that the defendant had made a statement to him implicating another individual. The defendant denied that he had ever talked to the officer. The court stated that it did not view his allegation as a basis to withdraw the plea. The court nonetheless ordered that a special public defender be appointed and continued the sentencing to October 18, 2002.

Robert J. McKay, the defendant's new counsel, appeared on October 18, 2002. Michael Wagner, the defendant's original counsel, also was present and represented that it was his opinion that the defendant's claims were not grounds for withdrawal of the plea. The court again continued sentencing.

On December 13, 2002, the defendant again appeared and was represented by attorney McKay. The court denied the motion to withdraw after additional argument and sentenced the defendant to the agreed upon term of imprisonment of five years to serve and four and one-half years of special parole. Two and one-half years of that sentence were for the crime of possession

of narcotics, and the defendant appeals only from that judgment of conviction.

The following legal principles and standards inform our review of the court's decision. Practice Book § 39-27 (4) permits a defendant to withdraw his plea if "[t]he plea resulted from the denial of effective assistance of counsel . . . ."

"[O]ur standard of review is abuse of discretion for decisions on motions to withdraw guilty pleas brought under Practice Book § 39-27. . . . Our case law holds that [a] claim of ineffective assistance of counsel is generally made pursuant to a petition for a writ of habeas corpus rather than in a direct appeal. . . . Section 39-27 [(4)] of the Practice Book, however, provides an exception to that general rule when ineffective assistance of counsel results in a guilty plea. A defendant must satisfy two requirements . . . to prevail on a claim that his guilty plea resulted from ineffective assistance of counsel. . . . First, he must prove that the assistance was not within the range of competence displayed by lawyers with ordinary training and skill in criminal law . . . . Second, there must exist such an interrelationship between the ineffective assistance of counsel and the guilty plea that it can be said that the plea was not voluntary and intelligent because of the ineffective assistance." (Citation omitted; internal quotation marks omitted.) *State* v. *Nelson*, 67 Conn. App. 168, 177, 786 A.2d 1171 (2001). In addressing this second prong, the United States Supreme Court held in *Hill* v. *Lockhart*, 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), that "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id., 59. The resolution of this inquiry will largely depend on the likely success of any new

defenses or trial tactics that would have been available but for counsel's ineffective assistance. See id.

The defendant takes issue with whether his counsel properly represented him in advising him about the applicability of a portion of the police report. The pertinent portion of the report follows a narrative by two police officers who observed the defendant make a purchase from a heroin dealer whom they had been observing. It states: "[U]pon detaining [the defendant], he was very cooperative and stated he had just purchased a bag of heroin from the accused juvenile, then removed the small white wax paper bag stamped 'One Way', containing [a] yellowish white powder substance." After earlier denying that his attorney had read the report to him, the defendant admitted to the court that this portion of the report had been read to him but claimed that his attorney had told him that this statement did not apply to him.

Certain additional facts are pertinent to our review. We first note that the court canvassed the defendant before accepting his plea. It ascertained that the defendant was making his plea pursuant to *Alford*. As a consequence, he was not required to admit the truth of the factual allegations that the state had made against him about the essential elements of each offense with which he was charged. *North Carolina* v. *Alford*, 400 U.S. 25, 37–38, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970). The court determined that he wanted to plead guilty to all counts rather than to serve a longer sentence that could have followed a conviction after a trial. The defendant was advised, and stated that he understood, that he would have been exposed to a maximum sentence of twenty years if he had gone to trial and was convicted. This possible maximum sentence consisted of seven years on the narcotics possession charge, five years on the burglary charge and eight years on the violation of probation charge. The defendant said that he understood

that by pleading guilty to all charges he would receive a total effective sentence of five years in prison followed by four and one-half years of special parole. He indicated that he had enough time to talk to his lawyer, was satisfied with his advice, had been advised of the elements of each crime, was pleading guilty voluntarily and was not relying on any other promises in making his plea. He acknowledged that he was giving up his right to trial and all of his trial rights. The defendant makes no challenge to the canvass.

A reason for the defendant's concern about the section of the police report detailing his cooperation became apparent when he showed concern about retribution for identifying to the police the person from whom he had purchased the narcotics. He stated that "[t]his whole thing is endangering my life when he put stuff like that in there." At the December 13, 2002 hearing, the court observed, "it was that single sentence . . . or phrase that [the defendant] was cooperative that [the defendant] believed the failure to disclose . . . warranted a withdrawal of his plea."

As communicated to the court by his new counsel, the defendant conceded that "his plea was voluntary." The defendant asserts, however, that he did not have all the facts regarding what the state had for evidence. The defendant believed that he could have impeached the officer's credibility if his case had gone to trial because he had not spoken to the officer.

In ruling on the defendant's motion to withdraw, the court focused on the defendant's claim that he had been wrongly advised. It stated that "even assuming the truth of it, namely that [defendant's first counsel] having read the statement [attributing to the defendant], the admission of guilt, then said it doesn't . . . apply to you, . . . the court does not find that that conduct, which is in essence the failure to disclose to [the defendant]

additional evidence of his guilt, would warrant a finding that he . . . was in any way denied the effective assistance of counsel."

We first observe that the defendant has failed to provide us with a record of properly admitted or sworn testimony before the trial court that would show any deficiency in his first counsel's performance. It is the appellant's duty to provide this court with an adequate record for review. Practice Book § 61-10. "To withdraw his guilty plea, the defendant must prove that counsel's assistance was ineffective and that it was this ineffectiveness that rendered the guilty plea involuntary." *State v. Perez,* 57 Conn. App. 385, 388, 748 A.2d 384 (2000).

The court held that even if the defendant's unsworn assertions were assumed to be true, and his attorney had told him that the statement in the police report detailing the defendant's cooperation with the police somehow did not apply to him, this was only additional evidence of guilt and did not deprive him of the effective assistance of counsel. We agree.

Although it may be incriminatory, a defendant's cooperation or his identification of his drug source is not an element of narcotics possession. See General Statutes § 21a-279 (a). To convict the defendant of this crime, the state had to prove that the defendant, and not some other person, possessed a substance that was of a narcotic character with knowledge both of its narcotic character and the fact that he possessed it. See *State v. Sanchez,* 75 Conn. App. 223, 242, 815 A.2d 242, cert. denied, 263 Conn. 914, 821 A.2d 769 (2003). Even if the defendant had lacked full knowledge of the officers' report indicating that he had cooperated with the police and identified the juvenile from whom he had purchased the heroin, the defendant was made aware of the state's case against him, including the potential testimony of the two officers who had witnessed the purchase and

the defendant's exercise of dominion and control over the substance that was in his personal possession when he was arrested, which tested positive for narcotics. Furthermore, the record before us indicates that the defendant had a long criminal record, which would have been admitted into evidence to impeach him if he had gone to trial and testified. Therefore, there was little possibility of impeaching the police officer's testimony.

It is unlikely that the defendant's original counsel would have given different advice to the defendant about accepting the plea on the basis of the reference in the police report. This is so because there was other strong evidence of the defendant's criminal possession of narcotics, which was unaffected by the disputed statement in the report. In the present case, the measure of whether the defendant would have gone to trial instead of pleading guilty under the *Alford* doctrine is the determination of the likelihood of success at trial of an attempt at impeaching the police officer. See *Hill* v. *Lockhart*, supra, 474 U.S. 59. The defendant has not made such a showing.

The judgment is affirmed.

In this opinion the other judges concurred.