STATE OF CONNECTICUT *v.* DONALD P. BROWN
(AC 24145)

Foti, West and Hennessy, Js.

Argued January 21—officially released May 4, 2004

*Sebastian O. DeSantis*, special public defender, for the appellant (defendant).

*Michael L. Regan*, supervisory assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, state's attorney, for the appellee (state).

### Opinion

WEST, J. The defendant, Donald P. Brown, appeals from the judgment of conviction, rendered by the trial court, subsequent to his plea of nolo contendere to the charge of attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59 (a) (2). On appeal, the defendant claims that the court improperly denied his motion to withdraw the plea. The defendant sought to withdraw his plea on the ground

that it had resulted from ineffective assistance of counsel. We disagree and affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. On September 28, 2001, the defendant was involved in a physical altercation that was recorded on a supermarket surveillance videotape. The videotape showed the defendant striking the victim on the head with a log and, after the victim was on the ground, striking him several times in the face. The victim's ear was split open, and the victim received sutures from a plastic surgeon. The defendant initially was charged with assault in the first degree in violation of § 53a-59 (a) (2). On October 2, 2002, the defendant entered a plea of nolo contendere to the substituted charge of attempt to commit assault in the first degree in violation of §§ 53a-49 and 53a-59 (a) (2).

At his December 3, 2002 sentencing hearing, the defendant made an oral motion to withdraw his plea on the ground of ineffective assistance of counsel. The defendant argued that he had entered the nolo contendere plea only because his attorney had told him that the victim had had "plastic surgery," which the defendant later came to believe was a lie after speaking with the victim.[1] The defendant's attorney told the court that she "did tell him that the medical reports indicated that [the victim had] had plastic surgery," and the court agreed, stating, "[t]hat's what they do indicate." The court denied the defendant's oral motion.

On January 27, 2003, the court appointed new counsel for the defendant. On March 3, 2003, the defendant filed a formal motion to withdraw his plea, pursuant

---

[1] The issue of plastic surgery and scarring was potentially relevant to the state's ability to prove permanent disfigurement under General Statutes § 53a-59 (a) (2). The issue became irrelevant, however, when the defendant entered a plea of nolo contendere to *attempt* to commit assault in the first degree, which does not require proof of actual permanent disfigurement.

to Practice Book §§ 39-26 and 39-27 (4), claiming that his attorney was ineffective because (1) she did not explain the facts properly as they related to the law, (2) she did not explain what a plea of nolo contendere was and (3) he did not realize that he was pleading guilty.[2] On March 4, 2003, the court conducted a hearing on the motion to withdraw the plea and ultimately denied the motion. On March 12, 2003, consistent with his plea agreement, the defendant was sentenced to ten years imprisonment, execution suspended after five years, and five years probation. This appeal ensued.

"Practice Book § [39-27] specifies circumstances under which a defendant may withdraw a guilty plea after it has been entered. [O]nce entered, a guilty plea cannot be withdrawn except by leave of the court, within its sound discretion, and a denial thereof is reversible only if it appears that there has been an abuse of discretion. . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty." (Citation omitted; internal quotation marks omitted.) *State* v. *Andrews*, 253 Conn. 497, 505, 752 A.2d 49 (2000).

"[A] claim of ineffective assistance of counsel is generally made pursuant to a petition for a writ of habeas corpus rather than in a direct appeal. . . . Section 39-27 of the Practice Book, however, provides an exception to that general rule when ineffective assistance of counsel results in a guilty plea. A defendant must satisfy two requirements . . . to prevail on a claim that his guilty plea resulted from ineffective assistance of counsel. . . . First, he must prove that the assistance was not within the range of competence displayed by law-

---

[2] In his original motion to the court, the defendant also requested that his plea be withdrawn pursuant to Practice Book § 39-27 (2) because he was under the influence of marijuana at the time of his plea hearing. The defendant did not raise that issue on appeal and, therefore, we do not address it.

yers with ordinary training and skill in criminal law
. . . . Second, there must exist such an interrelation-
ship between the ineffective assistance of counsel and
the guilty plea that it can be said that the plea was
not voluntary and intelligent because of the ineffective
assistance."[3] (Internal quotation marks omitted.) *State
v. Nelson*, 67 Conn. App. 168, 177, 786 A.2d 1171 (2001).

At the defendant's hearing on his motion to withdraw
his plea, the court found that the defendant's attorney
was not ineffective and that the plea was voluntary and
intelligent; thus, the defendant failed to satisfy either
prong of the test for withdrawing a plea due to ineffec-
tive assistance of counsel. The court's decision was
based on its conclusions that (1) although the defendant
may have been confused as to whether the victim was
sutured by a plastic surgeon or received a more serious
form of plastic surgery, that confusion did not make
counsel ineffective and did not make the plea involun-
tary, (2) the defendant's statements at his plea canvass
on October 2, 2002, indicated that he understood the
meaning of a nolo contendere plea, and (3) the court
did not find credible the testimony of the defendant or
that of a witness who testified on his behalf at the
hearing, and instead found his former attorney to be
more credible.

On appeal, we must rely on the court's findings
regarding credibility. See id., 179. "[T]he trial judge is
the sole arbiter of the credibility of the witnesses and
the weight to be given specific testimony." (Internal
quotation marks omitted.) Id. We can overturn the
court's finding only "when there is no evidence in the
record to support it" or if, after reviewing all the evi-

---

[3] A motion to withdraw a plea of nolo contendere is treated the same as
a motion to withdraw a guilty plea for purposes of appellate review. *State
v. Irala*, 68 Conn. App. 499, 506 n.7, 792 A.2d 109, cert. denied, 260 Conn.
923, 797 A.2d 519, cert. denied, 537 U.S. 887, 123 S. Ct. 132, 154 L. Ed. 2d
148 (2002).

dence, we are "left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) Id., 179–80.

The record contains support for the conclusion that the defendant understood the significance of a nolo contendere plea and was aware of the fact that he was entering into a plea agreement. Although he represented in his motion that he did not know at that time that he was pleading guilty, he testified at the hearing that "back in front of the judge I was thought and told that I was coming to plead guilty." When asked if he knew he was entering a plea that day, the defendant admitted, "yeah, under a lie." In addition, the transcript from the defendant's plea hearing on October 2, 2002, which was entered into evidence as a full exhibit, revealed that the defendant had answered affirmatively to the court's inquiries about whether he had had enough time to discuss with his attorney what he was doing there, whether he was satisfied with her advice, whether he was entering his plea voluntarily and of his free will, and whether anyone was forcing him or threatening him to enter into the plea. The transcript also revealed that the court explained what rights the defendant was giving up by entering a nolo contendere plea, and the defendant stated that he understood. The court explained the meaning of a nolo contendere plea, and the defendant stated that he understood. The court explained that if his nolo contendere plea was accepted, he could not change his mind and decide to have a trial unless there was some valid legal reason to withdraw his plea. The defendant stated that he understood. Finally, his former attorney testified that she had explained in detail the meaning of a nolo contendere plea and that the defendant did not ask any questions in response.

The record also contains support for the conclusion that the defendant's counsel did not make misrepresen-

tations of fact regarding the surgery. Rather, the record demonstrates that the defendant, through no fault of his counsel, did not understand the meaning of "plastic surgery." That conclusion is supported by his testimony that the victim "didn't have plastic surgery. He had surgery by a plastic surgeon. It's a difference." We conclude that the court did not abuse its discretion by denying the defendant's motion to withdraw his plea.

The judgment is affirmed.

In this opinion the other judges concurred.