DONALD P. BROWN *v.* MICHAEL L. REGAN,
SUPERVISORY ASSISTANT
STATE'S ATTORNEY
(AC 24880)

Lavery, C. J., and Flynn and DiPentima, Js.

Argued April 2—officially released July 20, 2004

*Sebastian O. DeSantis*, special public defender, for the plaintiff in error.

*Peter A. McShane*, senior assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, state's attorney, for the defendant in error.

*Opinion*

DiPENTIMA, J. In this writ of error, the plaintiff in error, Donald P. Brown, claims that the trial court improperly held him in criminal contempt during a sentencing hearing. After a thorough examination of the record and a review of the applicable law, this court dismisses the writ of error.

On March 12, 2003, the plaintiff in error appeared with counsel before the court for the imposition of sentence on the basis of a prior plea of nolo contendere to attempt to commit assault in the first degree in violation of General Statutes §§ 53a-49 and 53a-59 (a) (2). The plaintiff in error also was present to accept or to reject an offer for a sentence on a charge of failure to appear. He rejected the offer on the charge of failure to appear. As the court began the sentencing hearing,

the plaintiff in error interrupted and argued with the court about denying his motion to withdraw his plea on the assault charge.[1] Despite the court's efforts to calm him and advise him of the inadvisability of his speaking at that stage, the plaintiff in error continued with agitated outbursts of profanity and offensive speech.[2] During that exchange, the plaintiff in error

[1] His appeal from that denial was rejected in *State* v. *Brown*, 82 Conn. App. 678, 846 A.2d 943, cert. denied, 270 Conn. 906, 853 A.2d 522 (2004).

[2] For example, the following colloquy took place between the court and the plaintiff in error:

"[The Plaintiff in Error]: Well, I also—I don't see why I can't have a trial on the assault one. There's no assault one. I got proof now that it's not assault one at all.

"The Court: Mr. Brown. I've addressed already two motions to withdraw your plea on the attempt—

"[The Plaintiff in Error]: Yeah, and I feel that's not fair.

"The Court:—excuse me, excuse me—on the attempted assault one. Mr. Brown . . . .

"[The Plaintiff in Error]: I'm not getting it because I'm black? That's what you're telling me. You're telling me because I'm black that I can't get a trial. That's what you're saying.

"The Court: I—I . . . .

"[The Plaintiff in Error]: Yes, you are, because you know what? This is—this is—you don't even have a case, and this is all wrong. This is—I'll go back downstairs. I—I . . . .

"The Court: Mr. Brown, stay where you are. You're just going to get more time on the contempt.

"[The Plaintiff in Error]: No, forget that, man.

"The Court: Mr. Brown. . . .

"[The Marshal]: Sit down.

"[The Plaintiff in Error]: Don't—don't grab me. Don't grab me."

Later in the proceeding, the following exchange took place:

"The Court:—stay where you are.

"[The Plaintiff in Error]: It's hurting me. This man—this—this attempted—it was no first degree attempt[ed] assault. He know that. He know they lied.

"The Court: Mr. Brown . . . .

"[The Plaintiff in Error]: This whole thing's bullshit.

"The Court: We're going forward with the sentencing.

"[The Plaintiff in Error]: This is bullshit.

"The Court: Mr. Brown . . . .

"[The Plaintiff in Error]: I'm not down with it. I'm not down with it.

"The Court: All right, Mr. Brown. I'm holding you in contempt.

"[The Plaintiff in Error]: It doesn't matter. It doesn't matter."

attempted to leave the courtroom. The court finally held him in contempt and sentenced him to six months imprisonment to serve consecutively to his sentence for attempt to commit assault in the first degree. The plaintiff in error left the courtroom prior to the sentencing on the assault charge. On March 25, 2003, the plaintiff in error filed this writ of error, pursuant to Practice Book § 72-1,[3] naming supervisory assistant state's attorney Michael L. Regan as the defendant in error.

The standard of review of a court's finding of criminal contempt is well established. Our review is not plenary, but is limited to a determination of the jurisdiction of the trial court. *Banks* v. *Thomas*, 241 Conn. 569, 589, 698 A.2d 268 (1997). We must determine "(1) whether the designated conduct is legally susceptible of constituting a contempt . . . (2) whether the punishment imposed was authorized by law . . . and (3) whether the judicial authority was qualified to conduct the hearing." (Citations omitted; internal quotation marks omitted.) Id. It is only the first question that the plaintiff in error contests in this appeal. As to that question, we note that the court "exercises considerable discretion in dealing with contemptuous conduct occurring in its presence, and its summary adjudication is accorded a presumption of finality." (Internal quotation marks omitted.) Id. In other words, the court "must be its own judge of contempts committed within its presence." (Internal quotation marks omitted.) Id.

---

[3] At the time the writ of error was filed, Practice Book § 72-1 (2003) provided: "(a) Writs of error for errors in matters of law only may be brought from a final judgment of the superior court to the supreme court.

"(b) No writ of error may be brought in any civil or criminal proceeding for the correction of any error where (1) the error might have been reviewed by process of appeal, or by way of certification, or (2) the parties, by failure timely to seek a transfer or otherwise, have consented to have the case determined by a court or tribunal from whose judgment there is no right of appeal or opportunity for certification."

Effective January 1, 2004, the rule now explicitly provides for bringing a writ of error in the case of a summary decision of criminal contempt.

The plaintiff in error argues that his conduct was not contemptuous as a matter of law. Our rules of practice provide in relevant part that "[m]isbehavior or misconduct in the court's presence causing an obstruction to the orderly administration of justice shall be summary criminal contempt, and may be summarily adjudicated and punished by fine or imprisonment, or both. . . . " Practice Book § 1-16. In this case, the conduct of the plaintiff in error before the court caused an obstruction to the orderly administration of justice. In an open courtroom, his outbursts of profanity, his attempts to leave the courtroom in contravention of the court's orders and his continued interruptions of the court were sufficient to constitute conduct against the dignity and authority of the court.

The plaintiff in error suggests that he was exercising his right of allocution in a sentencing hearing. See Practice Book § 43-10. As noted by the court, the hearing on the sentence on the charge of attempt to commit assault had not begun when the court made its finding of contempt. The plaintiff in error also argues that the disruption was minor and brief, and that his remarks were not addressed to the court itself. A personal attack on the judge is not required for a finding of contempt. We are unpersuaded by those arguments.

In *In re Dodson*, 214 Conn. 344, 350, 572 A.2d 328, cert. denied sub nom. *Dodson* v. *Superior Court*, 498 U.S. 896, 111 S. Ct. 247, 112 L. Ed. 2d 205 (1990), our Supreme Court carefully explained the concepts of authority and dignity that "should attend the proper, independent and fair discharge by the court of its duties under the rule of law." Those concepts, the court explained, are "hardly to be implemented platitudinally here, but in the warp and the woof of due process of law." Id. In other words, the court cannot be overly sensitive to personal offenses, but must address instances of the obstruction of justice. Here, the court

confronted conduct that caused a disruption to the orderly administration of justice. We conclude that the court reasonably could have found that the conduct of the plaintiff in error was wilfully contemptuous beyond a reasonable doubt.

The writ of error is dismissed.

In this opinion the other judges concurred.