STATE OF CONNECTICUT *v.* LAMONT BARNWELL
(AC 26964)

Flynn, C. J., and DiPentima and Berdon, Js.

and rules of practice. *Rosato* v. *Rosato*, 53 Conn. App. 387, 390, 731 A.2d
323 (1999).

Argued February 14—officially released July 3, 2007

*Donald D. Dakers*, special public defender, for the appellant (defendant).

*Kathryn Ward Bare*, special deputy assistant state's attorney, with whom, on the brief, were *Michael Dearington*, state's attorney, and *James G. Clark*, senior assistant state's attorney, for the appellee (state).

*Opinion*

DiPENTIMA, J. The defendant, Lamont Barnwell, appeals from the judgment of the trial court rendered following the denial of his motion to withdraw his guilty plea. He claims that (1) his guilty plea was constitutionally defective because it was not knowingly, intelligently and voluntarily entered and (2) the court abused its discretion in failing to hold an evidentiary hearing on his claim of ineffective assistance of counsel. We

disagree with both claims and affirm the judgment of the trial court.

On June 30, 2005, the defendant entered a plea of guilty to the charge of kidnapping in the first degree as an accessory in violation of General Statutes §§ 53a-92 (a) (2) (B) and 53a-8. The court conducted a plea canvass to ascertain whether the defendant's plea was knowing, intelligent and voluntary.[1] Prior to the sentencing date, the defendant filed a motion to withdraw his plea, alleging that the plea was entered involuntarily in violation of Practice Book § 39-27 (2).[2] On July 21, 2005, the defendant appeared before the court and orally amended his motion to add a claim of ineffective assistance of counsel as a basis for his motion to withdraw. The defendant read a lengthy statement regarding his dissatisfaction with his attorney's performance. Defense counsel then requested an evidentiary hearing on the defendant's behalf. The court reviewed the transcript of the plea canvass and denied both the request for an evidentiary hearing and the motion to withdraw the plea. This appeal followed.

[1] In the plea canvass, the court included the following questions:

"Q. Okay. Kidnapping, commit the offense as outlined when you abduct another person and, let's see, [General Statutes § 53a-92 (a) (2) (B)]. . . . Restrain the person abducted with the intent to accomplish or advance the commission of a felony; understand that, sir?

"A. Yes, sir. . . .

"Q. Understood all my questions?

"A. Yes, sir.

"Q. And you're satisfied with your lawyer's representation?

"A. Yes, sir. Very much.

"Q. And you want me to accept your plea of guilty?

"A. Yes, sir.

"The Court: Plea is accepted, finding of guilty is made, there's a factual basis, assisted by competent counsel."

[2] Practice Book § 39-27 provides in relevant part: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows . . .

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed . . . ."

I

The defendant first claims that his plea was constitutionally defective because he did not understand the elements of the charged offense and therefore the plea was not entered knowingly, intelligently and voluntarily. As the defendant concedes, his claim was not preserved properly,[3] and we therefore review it pursuant to *State* v. *Golding*, 213 Conn. 233, 239–40, 567 A.2d 823 (1989).[4] Because the record is adequate for review and the defendant has raised an issue of constitutional magnitude, we will review his claim. The defendant's claim fails, however, because he has not established that a constitutional violation clearly exists that clearly deprived him of a fair trial.

"Before a guilty plea is accepted a defendant may withdraw it as a matter of right. Practice Book [§ 39-26]. After a guilty plea is accepted but before the imposition of sentence the court is obligated to permit withdrawal upon proof of one of the grounds in [Practice Book § 39-27]." *State* v. *Torres*, 182 Conn. 176, 185, 438 A.2d 46 (1980). "The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty. . . . To warrant consideration, the defendant must allege and provide facts which justify permitting

_____

[3] At the hearing on the motion, the defendant argued only that the plea resulted from the denial of effective assistance of counsel in violation of Practice Book § 39-27 (4).

[4] Under *State* v. *Golding*, supra, 213 Conn. 239–40, "[a] defendant can prevail only if *all* of the following conditions are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt. . . . The first two [prongs of *Golding*] involve a determination of whether the claim is reviewable; the second two . . . involve a determination of whether the defendant may prevail." (Citation omitted; emphasis added; internal quotation marks omitted.) *State* v. *Farr*, 98 Conn. App. 93, 98–99, 908 A.2d 556 (2006).

him to withdraw his plea under [Practice Book § 39-27]." (Citations omitted; internal quotation marks omitted.) *State* v. *Johnson*, 253 Conn. 1, 51, 751 A.2d 298 (2000).

In support of his claim that his plea was not entered into knowingly, intelligently and voluntarily, the defendant argues that the court failed (1) to explain the elements of the kidnapping charge, (2) to ask him whether he understood those elements and (3) to ask him if his attorney had explained those elements to him. He also argues that the court should have explained that his liability under the kidnapping charge was as an accessory. We are not persuaded.

"It is well established that a plea of guilty cannot be voluntary in the sense that it constitutes an intelligent admission that the accused committed the offense unless the accused has received real notice of the true nature of the charge against him, the first and most universally recognized requirement of due process." (Internal quotation marks omitted.) *Marshall* v. *Lonberger*, 459 U.S. 422, 436, 103 S. Ct. 843, 74 L. Ed. 2d 646 (1983); *State* v. *Johnson*, supra, 253 Conn. 38. "[T]he determination as to whether a plea has been knowingly and voluntarily entered entails an examination of all of the relevant circumstances [and] the plea may satisfy constitutional requirements even in the absence of literal compliance with the prophylactic safeguards of [Practice Book §§ 39-19 and 39-20]." (Internal quotation marks omitted.) *State* v. *Johnson*, supra, 44; see also *State* v. *Reid*, 277 Conn. 764, 783, 894 A.2d 963 (2006).

Defense counsel generally is presumed to have informed the defendant of the charges against him. "[E]ven without an express statement by the court of the elements of the crimes charged, it is appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to

give the accused notice of what he is being asked to admit. . . . [U]nless a record contains some positive suggestion that the defendant's attorney had *not* informed the defendant of the elements of the crimes to which he was pleading guilty, the normal presumption applies." (Citations omitted; emphasis in original; internal quotation marks omitted.) *State* v. *Lopez*, 269 Conn. 799, 802, 850 A.2d 143 (2004); see also *Bradshaw* v. *Stumpf*, 545 U.S. 175, 183, 125 S. Ct. 2398, 162 L. Ed. 2d 143 (2005) ("[W]e have never held that the judge must himself explain the elements of each charge to the defendant on the record. Rather, the constitutional prerequisites of a valid plea may be satisfied where the record accurately reflects that the nature of the charge and the elements of the crime were explained to the defendant by his own, competent counsel.").

We can find no case, nor does the defendant cite to one, which instructed the trial court to explain the elements of the crime to the defendant. To the contrary, our appellate courts have held that a trial court's reading the relevant provisions of the statute is sufficient. See *State* v. *Johnson*, supra, 253 Conn. 38; *State* v. *Parker*, 67 Conn. App. 351, 355, 786 A.2d 1252 (2001), cert. denied, 281 Conn. 912, 916 A.2d 54 (2007).[5] In fact, this court has stated that the trial court need not describe every element of the offense. "Our courts have stopped short of adopting a per se rule that notice of the true nature of the charge always requires the court to give a description of every element of the offense charged. . . . The trial court's failure to explicate an element renders the plea invalid only where the omitted element is a critical one . . . and only where it is not appropriate to presume that defense counsel has explained

---

[5] Despite the defendant's contention to the contrary, the court also was not required to make an explicit finding as to the defendant's understanding of the charges. We readily may infer from the court's acceptance of the plea that the court found that it was knowingly, intelligently and voluntarily entered. See *State* v. *Johnson*, supra, 253 Conn. 25.

the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." (Citations omitted; internal quotation marks omitted.) *State* v. *Hackett,* 16 Conn. App. 601, 603, 548 A.2d 16 (1988).

On the basis of the record before us, we conclude that the defendant adequately was apprised of the charges against him. The court informed the defendant that he was charged with kidnapping in the first degree in violation of § 53a-92 (a), read the relevant portion of the statute and asked him whether he understood it, to which he responded affirmatively. Nothing in the record indicates that defense counsel failed to explain to the defendant the charges against him.[6] The state read the factual basis into the record, which also covered the elements of the offense, and therefore further served to put the defendant on notice of the elements of the crime. See *State* v. *Johnson,* supra, 253 Conn. 40. The court then specifically asked the defendant whether he was satisfied with counsel's representation, to which he responded: "Yes, sir. Very much." The court also twice asked the defendant whether his plea was voluntary, whether he wanted the court to accept it and whether he was sure he wanted to plead guilty.

The defendant's argument that the plea canvass was constitutionally defective because the court did not explain the requirements of the accessory statute is similarly unavailing. In addition to the court's specific reference to the accessorial liability statute during the plea canvass and the presumption that defense counsel explained accessory liability to the defendant, both the

---

[6] The defendant's ineffective assistance of counsel claim alleged that counsel failed to follow up on several items of potential evidence; the defendant never claimed that counsel failed to explain the law to him. Moreover, on appeal, the defendant limited his argument to the denial of the evidentiary hearing and did not brief the merits of his claim that the plea should be withdrawn on the basis of his ineffective assistance of counsel claim.

substitute information and the clerk of the court at the time of the plea informed the defendant that he was being charged under the accessory statute. Moreover, because accessorial liability is not an independent crime but, rather, an alternate means by which a substantive crime can be committed, there is no practical difference between accessory or principal status; whether the defendant is labeled an accessory or a principal, the state must prove that he committed every element of the underlying offense. *State* v. *Martinez*, 278 Conn. 598, 618, 900 A.2d 485 (2006). Thus, informing the defendant of the elements of the underlying offense, in this case, kidnapping, sufficed to provide him with notice of the charged crime. We conclude that the defendant's plea did not suffer from any constitutional infirmity and that he was not deprived of a fair trial.

II

The defendant next claims that the court abused its discretion by denying his request for an evidentiary hearing on his claim of ineffective assistance of counsel.[7] We disagree.

The following additional facts are relevant to our resolution of the defendant's claim. In support of his motion to withdraw his guilty plea on the basis of ineffective assistance of counsel, the defendant read a statement into the record regarding his counsel's representation. The defendant claimed that his counsel had failed to pursue, or failed to obtain in a timely fashion, certain items of evidence, namely, video footage, police reports, telephone call recordings and certain documents relevant to the victim's alleged criminal background and credibility.

---

[7] We note that on appeal, the defendant limited his argument to the denial of the evidentiary hearing and did not brief the merits of his claim that the plea should have been withdrawn on the basis of his ineffective assistance of counsel claim. Consequently, we limit our review to the issue of an evidentiary hearing.

The court reviewed the transcript of the plea proceeding with the defendant. At the plea proceeding, the court asked if the defendant was satisfied with his attorney's representation, and the defendant replied: "Yes, sir. Very much." The court noted that the transcript of the plea proceeding was bereft of any indication that the defendant was unsatisfied with his attorney's representation. The court denied the motion to withdraw the plea, concluding that the record was complete and that the defendant's claim lacked merit.

At the outset, we note that the applicable standard of review of a trial court's denial of an evidentiary hearing is abuse of discretion. See, e.g., *State* v. *Webb*, 62 Conn. App. 805, 815, 772 A.2d 690 (2001).

"In considering whether to hold an evidentiary hearing on a motion to withdraw a guilty plea the court may disregard any allegations of fact, whether contained in the motion or made in an offer of proof, which are either conclusory, vague or oblique. For the purpose of determining whether to hold an evidentiary hearing, the court should ordinarily assume any specific allegations of fact to be true. If such allegations furnish a basis for withdrawal of the plea under [Practice Book § 39-27] and are not conclusively refuted by the record of the plea proceedings and other information contained in the court file, then an evidentiary hearing is required." (Internal quotation marks omitted.) *State* v. *Torres*, supra, 182 Conn. 185–86; see also *State* v. *Blue*, 230 Conn. 109, 125, 644 A.2d 859 (1994).

In the present case, the defendant's allegations against his counsel all involved issues of which the defendant was aware prior to the plea proceeding, yet the defendant asserted during the plea proceeding that he was satisfied with his counsel's representation. As we have noted, the defendant affirmatively indicated

that he was satisfied with his counsel's representation.[8] This court has stated that "a trial court . . . may properly rely on . . . the responses of the [defendant] at the time he responded to the trial court's plea canvass . . . ." *Bowers* v. *Warden*, 19 Conn. App. 440, 443, 562 A.2d 588, cert. denied, 212 Conn. 817, 565 A.2d 534 (1989); see also *State* v. *Casado*, 42 Conn. App. 371, 377–78, 680 A.2d 981 (in denying request for evidentiary hearing, court properly relied on defendant's representation during plea proceeding that she was not forced or coerced into entering plea), cert. denied, 239 Conn. 920, 682 A.2d 1006 (1996).

In this case, the court properly relied on the defendant's representation that he was very satisfied with his counsel's representation and on the absence of any indicia to the contrary.[9] Thus, the record of the plea canvass conclusively refutes the defendant's argument that his plea lacked the benefit of effective assistance of counsel. We conclude that the court did not abuse its discretion in denying the defendant an evidentiary hearing.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[8] "Although some form of meaningful dialogue is preferable to monosyllabic responses by the defendant, we have never held that single-word responses require an automatic vacation of a guilty plea." *State* v. *Torres*, supra, 182 Conn. 179–80.

[9] We note that during jury selection on June 30, 2005, the defendant made a pro se oral motion for appointment of new counsel, in which he raised concerns regarding his counsel's choice of strategy for the case. After a short recess, however, the defendant and his counsel stated that they had reconciled, and the defendant affirmed that he and his counsel were on the "same wavelength."