******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROGERS, C. J., with whom McDONALD and ROBINSON, Js., join, dissenting. I respectfully dissent from the majority opinion because I believe, under the particular circumstances of this case, that the trial court abused its discretion in denying the motion of the defendant, Anthony D., Sr., to withdraw his plea without further inquiry. In my view, to hold otherwise disregards the remedy afforded by Practice Book §§ 39-26 and 39-27 (4),[1] which allow for withdrawal of a plea when a plea is claimed to have been entered without effective assistance of counsel.

As the Appellate Court's opinion recounts, on December 16, 2011, the defendant appeared at a sentencing hearing before the same judge that had accepted his plea ten days earlier. At the hearing, the following discussion ensued between defense counsel and the court:

"[Defense Counsel]: . . . [B]efore we begin . . . I've met with [the defendant]. He is expressing to me *concerns over the manner in which he was represented* and is asking that he be permitted to withdraw his plea.

"The Court: Okay.

"[Defense Counsel]: Under those circumstances, *it would be my application to the court on his behalf that new counsel be appointed to investigate his claim.*

"The Court: With respect to it, the court does not believe that there is any factual basis for it. This was the court that took the plea. This was done in the middle of evidence. And, [defendant], *if you want to claim at a time after that this was ineffective or somehow coerci*[ve] *you can have a habeas proceeding.* But, [defense counsel], as an officer of the court, *do you know of any defect in that plea canvass that would allow the court to, in fact, take back the plea at this time*?

"[Defense Counsel]: Your Honor, I think that I need to be precise in my language. The canvass itself I think was quite thorough.

"The Court: Right. I mean, we went back and forth. And my recollection was that I repeatedly advised him that this was a permanent agreement and that it could not be changed . . . .

"So, with respect to it, *unless you can point out some defect, I am not inclined to have him withdraw his plea* . . . .

"So, with respect to it, *while there may be reasons postjudgment for a different counsel*, at this time, I am not going to grant [the defendant's] motion to withdraw because there is no prejudice. . . . The withdrawal—and I'll just take it as an oral motion, is denied." (Empha-

sis added; internal quotation marks omitted.) *State* v. *Anthony D.*, 151 Conn. App. 109, 115–17, 94 A.3d 669 (2014).

As the foregoing makes clear, the trial court denied the defendant's motion to withdraw his plea summarily, without conducting any inquiry into the specific allegations regarding his claim of ineffective assistance of counsel.

The law governing withdrawal of a guilty plea, and whether the trial court should hold an evidentiary hearing to consider whether to allow such withdrawal, is well established. Practice Book § 39-27 permits the withdrawal of a plea before sentencing for a variety of grounds including, as the trial court recognized, involuntariness, the lack of an adequate plea canvass, or a change to the agreed upon sentence.[2] *Additionally*, a trial court must allow a defendant to withdraw his plea if that plea "resulted from the denial of effective assistance of counsel . . . ." Practice Book § 39-27 (4). As a general matter, "[a] claim of ineffective assistance of counsel is . . . made pursuant to a petition for a writ of habeas corpus rather than in a direct appeal. . . . *Section 39-27 . . . however, provides an exception to that general rule when ineffective assistance of counsel results in a guilty plea.*" (Emphasis added; internal quotation marks omitted.) *State* v. *Sutton*, 95 Conn. App. 139, 145, 895 A.2d 805, cert. denied, 278 Conn. 920, 901 A.2d 45 (2006).

"After a guilty plea is accepted but before the imposition of sentence the court is obligated to permit withdrawal upon proof of one of the grounds in [Practice Book § 39-27]. An evidentiary hearing is not required [on a motion to withdraw a plea] if the record of the plea proceeding and other information in the court file conclusively establishes that the motion is without merit. . . . In considering whether to hold an evidentiary hearing on a motion to withdraw a guilty plea the court may disregard any allegations of fact, whether contained in the motion or made in an offer of proof, which are either conclusory, vague or oblique. For the purpose of determining whether to hold an evidentiary hearing, the court should ordinarily assume any specific allegations of fact to be true. If such allegations furnish a basis for withdrawal of the plea under [§ 39-27] and are not conclusively refuted by the record of the plea proceedings and other information contained in the court file, then an evidentiary hearing is required. . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty. . . . To warrant consideration, the defendant must allege and provide facts which justify permitting him to withdraw his plea under [§ 39-27]." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *State* v. *Salas*, 92 Conn. App. 541, 544–45, 885 A.2d 1258 (2005). "[O]nce entered, a guilty plea cannot be

withdrawn except by leave of the court, within its sound discretion, and a denial thereof is reversible only if it appears that there has been an abuse of discretion." (Internal quotation marks omitted.) *State* v. *Crenshaw*, 210 Conn. 304, 308–309, 554 A.2d 1074 (1989).

Obviously, if the basis for a motion to withdraw is the inadequacy of a plea canvass, the record of the plea proceedings will be especially informative. In contrast, however, an ineffectiveness based motion for plea withdrawal typically will rest upon advice given or other aspects of counsel's performance that occur *outside* the courtroom. Accordingly, the factual basis underlying the motion, in all likelihood, will not be readily apparent from the plea proceedings.[3] See, e.g., *State* v. *Sutton*, supra, 95 Conn. App. 141 (alleging counsel's failure to investigate case, to prepare defense for trial, to locate and to interview alibi witnesses, and to provide defendant with police reports and witness statements); *State* v. *Barnwell*, 102 Conn. App. 255, 262, 925 A.2d 1106 (2007) (alleging counsel's failure to obtain, in timely fashion, certain evidence); *State* v. *Stith*, 108 Conn. App. 126, 132, 946 A.2d 1274 (alleging counsel's failure to investigate medical evidence), cert. denied, 289 Conn. 905, 957 A.2d 874 (2008); *State* v. *Gray*, 63 Conn. App. 151, 162, 772 A.2d 747 (2001) (alleging counsel's failure to file motion to suppress), cert. denied, 256 Conn. 934, 776 A.2d 1151 (2001); *State* v. *Perez*, 57 Conn. App. 385, 387, 748 A.2d 384 (2000) (alleging that previous relationship with counsel prevented effective communication of appropriate legal advice).

My review of the cases in which a plea withdrawal was sought based on a claim of ineffective assistance of counsel demonstrates that, in each case, the defendant was provided with an opportunity to present allegations of fact in support of the claim. From those allegations of fact, the court could evaluate the merit of the motion to determine whether it should be denied or whether an evidentiary hearing should be held. In the present case, however, the trial court denied the defendant's motion without giving the defendant an opportunity to assert any allegations of fact, relying instead on its recollection of the plea proceeding. In my view, there are two problems with the trial court's actions.

First, contrary to Practice Book § 39-27 (4), the trial court reasoned, mistakenly, that a claim of ineffective assistance was not a proper basis for a plea withdrawal.[4] In the trial court's view, as evidenced by its comments on the record, a habeas proceeding after sentencing was the proper forum for such a claim. Specifically, the court's immediate response to the defendant's claim was to suggest a habeas proceeding, and it thereafter suggested that the defendant may have reasons to seek new counsel "postjudgment . . . ." Although the trial court was correct that the defendant could make this

claim in a habeas proceeding, the rules of practice make clear that he was not required to do so and could properly move to withdraw his plea at this earlier stage of the proceedings. See *State* v. *Sutton*, supra, 95 Conn. App. 145.

Second, the trial court was singularly focused on the plea proceedings.[5] Specifically, it repeatedly indicated that "unless [defense counsel could] point out some defect" in the plea canvass, it would not permit the defendant to withdraw his plea. By relying only on its impressions of the plea proceeding and inquiring no further, the trial court foreclosed the opportunity to obtain sufficient information to make a reasoned decision.

In *State* v. *Morant*, 13 Conn. App. 378, 536 A.2d 605 (1988), the trial court denied the defendant the opportunity to present his claim of ineffective assistance by misstating proper procedure and not allowing him to provide specific allegations of fact in support of his claim. See id., 380 and n.2, 385 (Appellate Court found that trial court "erroneously informed" defendant that "no claim that you have ineffective assistance of counsel . . . will do you any good to have your plea withdrawn at a future time" and stated that based on trial court's actions at sentencing "[u]nderstandably, the defendant failed to make more specific allegations of fact"). Likewise, in the present case, the trial court stated that the claim should be consigned to a habeas forum and limited its inquiry to the plea canvass. Accordingly, we have no way of knowing what specific allegations of fact, if any, the defendant would have provided in support of his motion.[6] In my view, the defendant should have had the opportunity to present allegations of fact to support his claim that his plea of guilty should be withdrawn for ineffective assistance of counsel before the court denied his motion.[7]

It is important to emphasize that if the court had provided an opportunity for the defendant to make factual allegations and the trial court believed that they were vague or conclusory, it could have denied the motion without a hearing.[8] See *State* v. *Salas*, supra, 92 Conn. App. 544 ("[i]n considering whether to hold an evidentiary hearing on a motion to withdraw a guilty plea the court may disregard any allegations of fact, whether contained in the motion or made in an offer of proof, which are either conclusory, vague or oblique" [internal quotation marks omitted]).[9] Contrary to the majority's position that this practice would have interrupted the orderly administration of justice, in the absence of a legitimate basis for making such a claim, the entire colloquy would probably have only taken several minutes. In this case, however, *no* allegations of fact for the court to evaluate were ascertained because the trial court denied the oral motion to withdraw without ever allowing the defendant the opportu-

nity to explain the underlying reasons for it.

For the foregoing reasons, I respectfully dissent. I believe that the appropriate remedy is to remand the case for further inquiry into the defendant's claim of ineffective assistance of counsel. Further inquiry will give the defendant an opportunity to meet his burden and if the allegations of fact furnish a basis for the defendant's claim that cannot be resolved from the record, then an evidentiary hearing should be held. See *State* v. *Torres*, 182 Conn. 176, 185–86, 438 A.2d 46 (1980) ("[i]f such allegations furnish a basis for withdrawal of the plea under [Practice Book § 39-27] and are not conclusively refuted by the record of the plea proceedings and other information contained in the court file, then *an evidentiary hearing is required*" [emphasis added]); *State* v. *Salas*, supra, 92 Conn. App. 544 (same).

[1] Practice Book § 39-26 provides: "A defendant may withdraw his or her plea of guilty or nolo contendere as a matter of right until the plea has been accepted. After acceptance, the judicial authority shall allow the defendant to withdraw his or her plea upon proof of one of the grounds in Section 39-27. A defendant may not withdraw his or her plea after the conclusion of the proceeding at which the sentence was imposed."

Practice Book § 39-27 provides: "The grounds for allowing the defendant to withdraw his or her plea of guilty after acceptance are as follows:

"(1) The plea was accepted without substantial compliance with Section 39-19;

"(2) The plea was involuntary, or it was entered without knowledge of the nature of the charge or without knowledge that the sentence actually imposed could be imposed;

"(3) The sentence exceeds that specified in a plea agreement which had been previously accepted, or in a plea agreement on which the judicial authority had deferred its decision to accept or reject the agreement at the time the plea of guilty was entered;

"(4) The plea resulted from the denial of effective assistance of counsel;

"(5) There was no factual basis for the plea; or

"(6) The plea either was not entered by a person authorized to act for a corporate defendant or was not subsequently ratified by a corporate defendant."

Practice Book § 39-19 governs plea canvassing and requires the trial court to apprise a defendant of several factors prior to accepting that defendant's plea.

[2] See footnote 1 of this opinion.

[3] Part of a plea canvass may be relevant to an ineffectiveness claim, for example, the defendant expressing satisfaction with his representation when queried about it. Reviewing courts have relied on such acknowledgment of satisfaction, along with other considerations, including the trial court's credibility determinations regarding the claim, to conclude that a defendant's motion to withdraw a guilty plea was without merit. See, e.g., *State* v. *Stith*, 108 Conn. App. 126, 132, 946 A.2d 1274 (finding, on basis of lack of evidence concerning ineffective assistance of counsel and defendant's statement during plea canvass that he was satisfied with his defense counsel, that defendant had failed to satisfy burden for motion to withdraw guilty plea), cert. denied, 289 Conn. 905, 957 A.2d 874 (2008); *State* v. *Barnwell*, 102 Conn. App. 255, 263–64, 925 A.2d 1106 (2007) (concluding that record of plea canvass conclusively refuted defendant's claim of ineffective assistance, because defendant had stated that he was very satisfied with his counsel's representation and there were no indicia to contrary); *State* v. *Brown*, 82 Conn. App. 678, 682, 846 A.2d 943 (in affirming denial of motion to withdraw plea, Appellate Court deferred to trial court's finding that testimony of defendant's former attorney was more credible than defendant's), cert. denied, 270 Conn. 906, 853 A.2d 522 (2004). Notably, in the present case, the record of the plea proceedings reveals that the defendant was not asked whether he was satisfied with the representation he had received, nor did he otherwise volunteer such an opinion. When the defendant was asked whether he had any questions for his attorney, he replied, "nothing that I

ask is gonna change anything." Although I agree with the majority that the meaning of this statement is ambiguous, it does not inspire confidence that the defendant was entirely satisfied with his counsel's performance.

[4] On June 29, 2012, more than six months after the sentencing hearing, the trial court issued a written memorandum of decision explaining its ruling on the defendant's motion to withdraw his guilty plea. In that decision, the trial court acknowledged that, pursuant to Practice Book § 39-27 (4), ineffective assistance was a proper ground for a plea withdrawal. Otherwise, however, the court's decision focused on the adequacy of its plea canvass, a point which the defendant did not contest.

[5] While not at issue in this case, the trial court did also mention that if it was going to impose a sentence that exceeded the agreed upon sentence, then a motion to withdraw could be appropriate. See Practice Book § 39-27 (3).

[6] Addressing the defendant's conduct, the Appellate Court stated that, "[c]learly, the facts of this case readily are distinguishable from the facts in *Morant*. Here, there was a vague allegation that the defendant had concerns about his attorney's representation but no specific facts, and, when the defendant was asked if he wanted to say anything before sentence was pronounced, he *specifically declined* the opportunity." (Emphasis added.) *State* v. *Anthony D.*, supra, 151 Conn. App. 118–19. The defendant's "opportunity" to speak was offered at the conclusion of the sentencing hearing, long after the trial court had denied his motion to withdraw. Given that the trial court denied the motion, the defendant very reasonably could have thought that the ineffective assistance of counsel matter was closed, because it was. See id., 117 (trial court stated, "[t]he withdrawal—and I'll just take it as an oral motion, is denied" [internal quotation marks omitted]). Accordingly, I would not hold the defendant's failure to press the matter further against him.

[7] The majority suggests that finding fault with the trial court in the present matter would equate to holding that a court, faced with a motion to withdraw a plea, has a duty in all cases to undertake some sort of formal inquiry of the defendant. I disagree. The court's only obligations are to recognize that an ineffective assistance of counsel claim can be the basis for a motion to withdraw a plea and to permit a defendant to articulate his allegations prior to denying the motion. In my view, the only fair reading of the colloquy regarding the motion was that the court was foreclosing defense counsel from providing information regarding the ineffective assistance claim and limited him to any allegations regarding the adequacy of the plea canvass.

Additionally, the majority's reasoning that a trial court has no affirmative obligation to inquire as to the basis for the claim makes little sense in the present case, in which the trial court did affirmatively inquire as to the basis for a claim of a defective plea, even though that claim had not been made, and foreclosed the defendant from discussing the ineffective assistance claim by incorrectly stating that it should be reserved for a habeas proceeding.

[8] Due to the very nature of an ineffectiveness claim and depending on the nature of the specific allegations underlying such a claim, it may be necessary for the court to allow or appoint different counsel to assess and present the claim objectively and effectively. See, e.g., *State* v. *Sutton*, supra, 95 Conn. App. 141 (court appointed special public defender to represent defendant in hearing on motion to withdraw plea); *State* v. *Salas*, supra, 92 Conn. App. 543, 545–46 (defendant retained new counsel to withdraw his plea, submitted own detailed affidavit, and that of another party); *State* v. *Brown*, 82 Conn. App. 678, 680–81, 846 A.2d 943 (court appointed new attorney for defendant who filed new formal motion to withdraw plea and represented defendant at hearing), cert. denied, 270 Conn. 906, 853 A.2d 522 (2004); *State* v. *Gray*, supra, 63 Conn. App. 154 (defendant retained new counsel); *State* v. *Perez*, supra, 57 Conn. App. 387 (defendant's new counsel sought plea withdrawal). The decision to allow or appoint different counsel remains within the trial court's sound discretion. Additionally, it can also employ other methods in dealing with this particular motion. See, e.g., *State* v. *Barnwell*, supra, 102 Conn. App. 262 (defendant allowed to read statement into record about dissatisfaction with his attorney's performance).

[9] In distinguishing this case from *Morant*, the Appellate Court stated that "there was a *vague allegation* that the defendant had concerns about his attorney's representation but no specific facts"; (emphasis added) *State* v. *Anthony D.*, supra, 151 Conn. 118; and in the same paragraph that court stated that "[t]he trial court need not consider *allegations* that merely are conclusory, vague or oblique . . . ." (Emphasis added; internal quotation marks omitted.) Id., 119. It is clear from the colloquy, however, that defense counsel's statement regarding his client's concerns merely described the basis for the defendant's motion—ineffective assistance of counsel. As I

have explained, the trial court then foreclosed the defendant from providing any specific *allegations of fact* to support the claim. I am mindful that it is a defendant's burden to present those allegations of fact but in the present case the defendant was prevented from doing so by the court.

---