### STATE OF CONNECTICUT *v.* MICHAEL GAY
### (AC 24646)

Dranginis, Flynn and Stoughton, Js.

Argued December 8, 2004—officially released March 8, 2005

*Mary H. Trainer*, for the appellant (defendant).

*Margaret Gaffney Radionovas*, senior assistant state's attorney, with whom, on the brief, were *David I. Cohen*, state's attorney, and *Michael A. DeJoseph*, deputy assistant state's attorney, for the appellee (state).

*Opinion*

DRANGINIS, J. The defendant, Michael Gay, appeals from the judgment of the trial court, finding him in violation of his probation pursuant to General Statutes § 53a-32 and committing him to the custody of the commissioner of correction for a period of seven years with

respect to his conviction for robbery in the first degree, carrying a pistol without a permit and kidnapping in the second degree with a firearm. On appeal, the defendant claims that (1) the court improperly used a violation of probation hearing to subject him to a new sentence for a new crime, and (2) the state's delay in charging him with violation of probation for assault with a motor vehicle prejudiced him and denied him a fair probation hearing. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the defendant's appeal. In 1994, the defendant was convicted of robbery in the first degree in violation of General Statutes § 53a-134, kidnapping in the second degree with a firearm in violation of General Statutes § 53a-94a and carrying a pistol without a permit in violation of General Statutes § 29-28. The defendant was sentenced to twenty years incarceration, execution suspended after nine years, with five years of probation. The defendant was released from prison in March, 2000, and began his probation. In January, 2001, the defendant's probation was downgraded to a less intensive level because he had been deemed in compliance with the conditions of his probation since his release from prison. While on probation, the defendant obtained gainful employment and attended school. He had earned an associate's degree and had full-time employment when the events giving rise to his violation of probation hearing transpired.

On the evening of November 16, 2001, the defendant went to a club, where, according to his testimony, he had a few alcoholic drinks and smoked a small amount of marijuana. The defendant obtained a ride to his then girlfriend's house from someone at the club. When he arrived there, he went into an upstairs bedroom and went to sleep. The defendant was awakened by his girlfriend because Joy Lee, who was the defendant's former girlfriend, had come to the house in an angry

mood and was causing a commotion. The defendant drove Lee's car to take her home. While driving southbound on Martin Luther King Boulevard in Norwalk, the car suddenly veered to the right, mounted the curb and struck a guardrail. The car came to rest in some bushes approximately 500 feet away. The collision rendered Lee unconscious, and, by the time police and an ambulance arrived on the scene, the defendant was semiconscious. An officer at the scene recovered small plastic bags at the foot of the gurney on which the defendant was lying, which were later discovered to contain phencyclidine (PCP). The defendant also had blood and urine tests when he arrived at the hospital, and he tested positive for both alcohol and cocaine. Both the defendant and Lee remained in the hospital for an extended period of time. As a result of the accident, Lee was paralyzed from the neck down and had to have one of her arms amputated.

In January, 2002, the state issued a warrant for the defendant's arrest for operating a motor vehicle while under the influence of intoxicating liquor in violation of General Statutes § 14-227a. In July, 2002, by substitute information, the state added a charge of assault in the second degree with a motor vehicle in violation of General Statutes § 53a-60d. Some time thereafter, the office of the state's attorney contacted the defendant's probation officer, who, in February, 2003, applied for and obtained an arrest warrant for violation of probation.[1] The warrant application described the accident scene, and included information regarding the presence of the plastic bags of PCP and the blood test that positively identified the presence of cocaine and alcohol in the defendant's blood. The defendant was arrested on February 28, 2003.

---

[1] A standard condition of probation is that the probationer not violate any criminal law of the United States, this state or any other state or territory. General Statutes § 53a-30 (a) (7).

Following a hearing on the defendant's violation of probation, the court found the defendant in violation of his probation and sentenced him to the custody of the commissioner of correction for a period of seven years.[2] This appeal followed.

The defendant concedes that he preserved neither of his claims for appeal and now seeks review under *State* v. *Golding*, 213 Conn. 233, 567 A.2d 823 (1989). The defendant can prevail "only if *all* of the following condition are met: (1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt." Id., 239–40. "The first two questions relate to whether a defendant's claim is reviewable, and the last two relate to the substance of the actual review." *State* v. *Newton*, 8 Conn. App. 528, 531, 513 A.2d 1261 (1986). We, therefore, must determine first whether the record is adequate for review with respect to each of the defendant's claims.

I

The defendant first claims that the court improperly used the violation of probation hearing to subject him to a new sentence for a new crime. Specifically, the defendant claims that the court found him guilty of the crime of assault in the second degree with a motor vehicle, not guilty of violating his probation. He argues

[2] At the time of the violation of probation hearing, the defendant had eleven years remaining on the twenty year sentence imposed for the crimes for which he was convicted in 1994. Pursuant to General Statutes § 53a-32 (b), if a violation of probation is established, the court may revoke the defendant's probation and sentence him to serve the sentence imposed or any other lesser sentence.

that because the state must prove guilt in a criminal proceeding beyond a reasonable doubt but must prove a violation of probation by only a preponderance of the evidence, the court lowered the state's burden of proof when it imposed a new sentence on the defendant for a new crime via a violation of probation hearing.

Both the defendant and the state argue that the record is clear. They disagree, however, as to what it demonstrates. The defendant claims that the record indicates that the court believed it was imposing a new sentence on the defendant for committing the crime underlying his violation of probation.[3] The state contends, however, that the record shows that the court understood that it was presiding over a violation of probation hearing and illustrates the court's awareness of the state's burden of proving the offense and its own role in sentencing the defendant.[4] Our review of the defendant's and the state's arguments and our independent review

---

[3] To support this contention, the defendant cites the language the court used during the disposition phase of the hearing: "I want to make this very clear for the record. I know we have some confusion with the commissioner of correction regarding sentences that go up under the same file number. I want to make it clear that the sentence that I impose is a new sentence even though it is going up under the same docket number. It is a new sentence for a new crime."

[4] To support its contention, the state cites language the court used during both the liability phase and during the disposition phase of the violation of probation hearing. In concluding that the defendant had violated a condition of his probation, the court stated: "I am going to make a finding that the reliable and probative evidence that was presented to this court supports a finding that the state has met its burden of proving, by a preponderance of the evidence, that the defendant has, in fact, violated one more of the laws of the state of Connecticut, and, therefore, I am going to find the defendant guilty of violating his probation." Then, during the disposition phase, the court commented on argument by defense counsel suggesting a lighter sentence by comparing the defendant's conduct with the conduct of other defendants in other cases where operating a motor vehicle while under the influence of alcohol was involved: "I assume that they were sentences on the underlying crime, be they [operating a motor vehicle while intoxicated] or whatever. This is a totally different case. This is a violation of probation case."

of the record leads us to conclude that, contrary to the contentions of both parties, the record is ambiguous on this matter. Although we could conjecture as to the court's understanding of its role in this violation of probation hearing, that is not our role. See *Lambert* v. *Donahue*, 78 Conn. App. 493, 511, 827 A.2d 729 (2003). It ultimately is the defendant's responsibility to provide a record that is adequate to review his claim of constitutional error, which the defendant could have done by filing a motion for an articulation of the basis of the court's decision. See *Wellington Systems, Inc.* v. *Redding Group, Inc.*, 49 Conn. App. 152, 180, 714 A.2d 21 ("[P]roper utilization of the motion for articulation [and the motion for review] serves to dispel any . . . ambiguity by clarifying the factual and legal basis upon which the trial court rendered its decision, thereby sharpening the issues on appeal. . . . [I]t is the . . . appellant's responsibility to provide this court with an adequate record for review . . . ." [Citations omitted; internal quotation marks omitted.]), cert. denied, 247 Conn. 905, 720 A.2d 516 (1998). Because the defendant has failed to provide us with a record adequate to review his claim, this claim fails under the first prong of *Golding*.

## II

The defendant also claims that his due process rights were violated by the state's delay in charging him with violation of probation for assault in the second degree with a motor vehicle. The defendant claims that he had no notice that the initial charge against him for operating a motor vehicle while under the influence of intoxicating liquor was going to be upgraded to a felony, thereby implicating his probation privileges, and that he was prejudiced by this delay because he lost the opportunity to preserve evidence, obtain witness statements and engage in similar acts designed to prepare his defense to such a charge.[5]

---

[5] We note that because the basis of the violation of probation was that the defendant violated a law of the state of Connecticut, the court's decision

We assume, without deciding, that the standard for evaluating the constitutional infirmity of preaccusation delay in a violation of probation hearing is the same as that used in formal criminal proceedings. "In order to establish a due process violation because of pre-accusation delay, the defendant must show both that actual substantial prejudice resulted from the delay and that the reasons for the delay were wholly unjustifiable, as where the state seeks to gain a tactical advantage over the defendant. . . . [*United States* v. *Marion,* 404 U.S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971)] makes clear that proof of prejudice is generally a necessary but not sufficient element of a due process claim, and that the due process inquiry must consider the reasons for the delay as well as the prejudice to the accused." (Citations omitted; internal quotation marks omitted.) *State* v. *Morrill,* 197 Conn. 507, 522, 498 A.2d 76 (1985). Despite the defendant's conclusory statements to the contrary, we have found nothing in the record that would substantiate either of these requirements. There is a complete absence of proof concerning the cause or effect of the preaccusation delay.

There is nothing in the record to suggest the cause of the delay, and the defendant did not claim even once at trial that his presentation of the case was hindered because he lacked access to any possible evidence. To establish a constitutional claim that preaccusation delay violated his due process rights, the defendant needed to develop a record showing the reasons for the delay and that he suffered actual prejudice because of the delay. Only after the defendant has made some indication on the record that the delay was wholly unjustifiable and that he suffered actual prejudice because of the delay can we review the defendant's

could have rested as easily on the charge of operating a motor vehicle while under the influence of intoxicating liquor as on the charge of assault in the second degree with a motor vehicle.

claim to determine whether, in fact, a constitutional violation exists. The defendant has failed to develop such a record in this instance and his claim, therefore, fails under the first prong of *Golding*.

The judgment is affirmed.

In this opinion the other judges concurred.