STATE OF CONNECTICUT *v.* MICHAEL GAY
(AC 27667)

Bishop, Beach and Borden, Js.

Argued March 18—officially released June 3, 2008

*Michael Zariphes,* special public defender, for the appellant (defendant).

*John A. East III,* senior assistant state's attorney, with whom, on the brief, were *David I. Cohen,* state's attorney, and *Michael A. DeJoseph,* assistant state's attorney, for the appellee (state).

*Opinion*

BISHOP, J. The defendant, Michael Gay, appeals from the judgments of the trial court, rendered following the denial of his motions to withdraw his guilty pleas, convicting him of the crimes of assault in the second degree with a motor vehicle in violation of General Statutes § 53a-60d, operating a motor vehicle while under the influence of intoxicating liquor or drugs in violation of General Statutes § 14-227a and assault of a public safety officer in violation of General Statutes § 53a-167c. The defendant claims that the court abused its discretion by denying his motions to withdraw his guilty pleas, which were based on alleged ineffective assistance of counsel. We affirm the judgments of the trial court.

The following facts and procedural history are relevant to our resolution of the defendant's claims. On the evening of November 16, 2001, the defendant, who was on probation, was sleeping at his girlfriend's house, when he was awakened by a commotion caused by the victim, his former girlfriend, who had come to the house. Subsequently, while driving the victim home in her car, the defendant lost control of the vehicle. The car suddenly veered to the right, mounted a curb and struck a guardrail, coming to rest approximately 500 feet away. As a result of the accident, both the victim and the defendant required immediate medical care,

and the victim was left paralyzed from the neck down and with one arm amputated.

While at the hospital, the defendant was given a blood test that revealed the presence of cocaine in his system. At his subsequent violation of probation hearing, he admitted that he had smoked marijuana before driving the car. Following the hearing, the court found the defendant in violation of the conditions of his probation and sentenced him to seven years in prison. On appeal, this court affirmed the judgment of the trial court. *State v. Gay*, 87 Conn. App. 806, 814, 867 A.2d 26, cert. denied, 273 Conn. 930, 873 A.2d 999 (2005).

On March 21, 2005, while the defendant was free on a $250,000 appellate bond relating to his violation of probation, police officers attempted to stop his vehicle because its rear license plate was partially detached. Instead of stopping, the defendant accelerated, engaging the police in a high speed chase. After overturning the vehicle, the defendant exited it and struck one of the officers at the scene. The charges arising from this incident were consolidated with the charges stemming from the 2001 accident in which the defendant's passenger was seriously injured.[1] Though the defendant was initially represented by private counsel, assistant public defender Elizabeth Reid was later appointed to represent him on April, 19, 2005.

From the inception of his professional relationship with Reid, the defendant repeatedly told her that he intended to hire private counsel. On September 20, 2005,

[1] As a result of the March 21, 2005 incident, the defendant was charged with interfering with an officer in violation of General Statutes § 53a-167a, assault of public safety or emergency medical personnel in violation of § 53a-167c, engaging police in pursuit in violation of General Statutes § 14-223 (b), reckless driving in violation of General Statutes § 14-222, theft or illegal possession of motor vehicle number plates in violation of General Statutes § 14-147a and illegal operation of a motor vehicle while his license was under suspension in violation of General Statutes § 14-215.

Reid was permitted to withdraw from representing the defendant on the basis of representations made by the defendant's father that he had hired a private attorney. Reid was subsequently reappointed on October 20, 2005, when that assertion proved inaccurate. During the pretrial aspect of this matter, the defendant was granted several continuances in conjunction with his representations that he intended to retain private counsel.

Ultimately, Reid secured an offer from the state for a plea bargain through which the defendant would receive a sentence of five years to be served consecutively to the seven years he was already serving for his violation of probation.[2] On January 6, 2006, because the defendant had not yet accepted the state's offer, negotiations continued at the same time as jury selection was scheduled to begin. In conjunction with the plea negotiations, the defendant appeared before the court and was canvassed with respect to the state's offer. Finally, following the court's extensive canvass and numerous conversations with Reid, the defendant decided to accept the state's offer. Accordingly, he entered pleas to the charges of assault in the second degree with a motor vehicle, operating a motor vehicle while under the influence of intoxicating liquor or drugs and assault of a public safety officer.

On February 6, 2006, attorney Tina Sypek D'Amato appeared on behalf of the defendant and filed a motion to withdraw his guilty pleas on the basis of his claim that he had been denied the effective assistance of counsel and that the court's plea canvass had been inadequate. Later, on February 17, 2006, the defendant

[2] The plea bargain included a sentence of five years for the assault of a public safety officer and a concurrent five year sentence for the assault in the second degree with a motor vehicle. The state agreed to nolle the other charges, including a charge of assault in the first degree arising from the 2001 accident, which carried a maximum penalty of twenty years in prison.

filed an amended motion to withdraw his guilty pleas in which he detailed the claimed manner in which counsel's assistance had been ineffective and the court's allegedly inadequate plea canvass had rendered his pleas unknowing and involuntary. Following an evidentiary hearing on February 27, 2006, at which both the defendant and Reid testified, the court denied the motion to withdraw. On March 20, 2006, the defendant filed another motion to withdraw his guilty pleas on the basis of ineffective assistance of counsel. In response, the court held another evidentiary hearing on March 27, 2006, at which both the defendant and Reid again testified. Following this hearing, the court denied the second motion to withdraw the guilty pleas. Consequently, the defendant was sentenced in accordance with the terms of the plea agreement. This appeal followed. Additional facts will be provided as necessary.

The defendant claims that the court improperly denied his motions to withdraw his guilty pleas because his appointed counsel provided ineffective assistance, and, consequently, the pleas were not knowing, intelligent and voluntary. The defendant also claims that his conviction after plea is unconstitutional because his counsel conducted an inadequate investigation, failed to review fully the transcripts of a prior hearing and misled the defendant as to the ramifications of pleading guilty. We are unpersuaded.

The following legal principles and standards inform our review of the court's decision. "Before a guilty plea is accepted a defendant may withdraw it as a matter of right. Practice Book [§ 39-26]. After a guilty plea is accepted but before the imposition of sentence the court is obligated to permit withdrawal upon proof of one of the grounds in [Practice Book § 39-27]. . . . The burden is always on the defendant to show a plausible reason for the withdrawal of a plea of guilty. . . . To warrant consideration, the defendant must allege and

provide facts which justify permitting him to withdraw his plea under [Practice Book § 39-27]." (Citation omitted; internal quotation marks omitted.) *State* v. *Barnwell*, 102 Conn. App. 255, 258–59, 925 A.2d 1106 (2007). "Whether such proof is made is a question for the court in its sound discretion, and a denial of permission to withdraw is reversible only if that discretion has been abused." (Internal quotation marks omitted.) *State* v. *Gundel*, 56 Conn. App. 805, 812, 746 A.2d 204, cert. denied, 253 Conn. 906, 753 A.2d 941 (2000).

"Our case law holds that [a] claim of ineffective assistance of counsel is generally made pursuant to a petition for a writ of habeas corpus rather than in a direct appeal. . . . Section 39-27 [4] of the Practice Book, however, provides an exception to that general rule when ineffective assistance of counsel results in a guilty plea. A defendant must satisfy two requirements . . . to prevail on a claim that his guilty plea resulted from ineffective assistance of counsel. . . . First, he must prove that the assistance was not within the range of competence displayed by lawyers with ordinary training and skill in criminal law . . . . Second, there must exist such an interrelationship between the ineffective assistance of counsel and the guilty plea that it can be said that the plea was not voluntary and intelligent because of the ineffective assistance. . . . In addressing this second prong, the United States Supreme Court held in *Hill* v. *Lockhart*, 474 U.S. 52, [59] 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985), that to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. . . . The resolution of this inquiry will largely depend on the likely success of any new defenses or trial tactics that would have been available but for counsel's ineffective assistance." (Citations omitted; internal quotation marks omitted.) *State* v.

*Scales,* 82 Conn. App. 126, 129–30, 842 A.2d 1158, cert. denied, 269 Conn. 902, 851 A.2d 305 (2004). "A reviewing court can find against the [defendant] on whichever ground is easier." (Internal quotation marks omitted.) *State* v. *Silva,* 65 Conn. App. 234, 259, 783 A.2d 7, cert. denied, 258 Conn. 929, 783 A.2d 1031 (2001).

I

The defendant first claims that the court abused its discretion by denying his motions to withdraw his guilty pleas, which he based on counsel's alleged ineffective assistance in failing to conduct an adequate pretrial investigation. The defendant claims that if counsel had effectively interviewed the victim and had adequately investigated the scene of the accident, he could have proceeded to trial and pursued a causation defense for the charge of assault in the second degree with a motor vehicle. Specifically, the defendant claims that an adequate investigation would have supported his assertion that the victim grabbed the steering wheel and caused the accident. The court noted, however, that the defendant presented no evidence that counsel had failed to investigate in the manner claimed and, furthermore, offered no evidence that even if counsel had spoken directly with the victim, her response would have been sufficiently supportive to encourage him to go to trial.

Additionally, the court found that Reid's investigation was adequate, a conclusion that finds support in the record. Reid testified that she instructed her investigator to talk to the police officers, to review the police and witness reports and to identify potential witnesses. Reid also testified that she reviewed all of the police reports and spoke with the defendant at length about the reports' contents and avenues of possible further investigation. Reid indicated that she sent her social worker to speak to the victim and her mother and, as a result of those interviews, concluded that further

efforts to obtain the victim's testimony would not be beneficial to the defense. Reid testified that she was aware of the defendant's claim that the victim had caused the accident by grabbing the steering wheel and that she spoke with the defendant at length about her concerns regarding this defense. She indicated that she informed the defendant that this defense would be problematic because, to assert it, he would have to testify, thereby subjecting him to cross-examination and impeachment. She also testified that she pointed out to the defendant that his statement to the police immediately after the accident, in which he stated that he did not remember what caused the accident, would need to be explained at trial.

In reaching its conclusion that Reid's investigation was adequate, the court was free to credit Reid's testimony in this regard. Having done so, the court's conclusion that Reid's investigation and advice to the defendant was reasonable finds ample evidence in the record.

Even if the record could support the conclusion that Reid's investigation was faulty, the defendant failed to make any proffer to the court that he was prejudiced by counsel's alleged dereliction. The defendant provided no evidence at the evidentiary hearings that additional investigation of the accident scene would have provided any basis for his claim that the accident was caused by the victim's conduct in the vehicle. Furthermore, although the defendant claimed that Reid's failure to question the victim directly prejudiced his case, the defendant did not bring the victim forward as a witness, he provided no reason for her absence, and no effort was made to present her evidence through other means. Thus, the court was left with no basis for determining that the victim's recitation of the facts of the accident would have been of any assistance to the defendant. In the absence of any evidentiary support, the defendant's

bare assertion that further investigation was pivotal to his decision to plead guilty does not establish prejudice.[3] See *Williams* v. *Commissioner of Correction*, 90 Conn. App. 431, 437, 876 A.2d 1281 (2005). Accordingly the defendant has failed to sustain his burden of proof.

II

The defendant next claims that counsel was ineffective in that her failure to copy, to review adequately and to analyze the transcripts from his violation of probation hearing rendered her unprepared for trial. This claim has no merit.

Reid testified at both evidentiary hearings on the defendant's motions to withdraw that she had access to the transcripts, reviewed them and was prepared for trial. As it was entitled to do, the court plainly credited this testimony. "[T]his court does not retry the case or

---

[3] The defendant relies on *Dando* v. *Yukins*, 461 F.3d 791 (6th Cir. 2006), for the proposition that mere failure to investigate is sufficient to prove ineffective assistance of counsel without proof of what evidence further investigation would have revealed. We disagree with this analysis. In *Dando*, the defendant originally pleaded no contest on the advice of counsel. Id., 794. On appeal, new counsel filed a motion for the appointment of an expert on battered woman's syndrome to assist with an ineffective assistance of counsel claim on the basis of an unexplored affirmative duress defense. Id., 794–95. In conjunction with that appeal, the defendant submitted three affidavits attesting to a history of physical and sexual abuse. Id., 795. In its decision, the court described the "shocking" details of the abuse the defendant had suffered and expressly found that counsel would not have recommended the no contest plea and likely would have rejected a guilty plea altogether. Id., 801–802. There was no such evidence or findings of prejudice in the case at hand.

The defendant's reliance on *Dando* is further undermined by cases within our jurisdiction that indicate that for a claim of ineffective assistance of counsel to succeed, there must be concrete evidence of prejudice. For example, in *Copas* v. *Commissioner of Correction*, 234 Conn. 139, 662 A.2d 718 (1995), our Supreme Court's conclusion that the petitioner was denied effective assistance of counsel relied on the evaluation and testimony of a psychiatrist, presented at the habeas hearing, that the petitioner suffered from mental illness at the time of the offense. A defendant must present some basis in evidence for a court to find actual prejudice.

evaluate the credibility of the witnesses. . . . Rather, we must defer to the [trier of fact's] assessment of the credibility of the witnesses based on its firsthand observation of their conduct, demeanor and attitude. . . . The [trial] judge, as the trier of facts, is the sole arbiter of the credibility of witnesses and the weight to be given to their testimony." (Internal quotation marks omitted.) *Taylor* v. *Commissioner of Correction*, 284 Conn. 433, 448, 936 A.2d 611 (2007).

## III

Finally, the defendant claims that his guilty pleas were not knowingly entered into because Reid led him to believe that by pleading guilty he would gain more time to hire a private attorney and could then use his private attorney to vacate the pleas prior to sentencing. We are not persuaded.

Our review of the transcript of the plea hearing reveals that the defendant knew what rights he was surrendering by pleading guilty and that he voluntarily chose to do so. Finally, the defendant was not a newcomer to the criminal justice system, having been convicted on three previous occasions following guilty pleas. In response to this claim, the court credited Reid's adamant denial that she told the defendant that he could avoid the commencement of trial by initially pleading guilty with the intent of then hiring a private attorney for the purpose of withdrawing the guilty pleas before sentencing. In light of the record, we have no reason to reject the court's determination that Reid's testimony was credible. See id.

The judgments are affirmed.

In this opinion the other judges concurred.